CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ME2 PRODUCTIONS, INC. a Nevada corporation,<br><br>　　　　Plaintiff,<br>vs.<br><br>DOES 1 – 21<br><br>　　　　Defendants | Case No.: 2:17-cv-00049<br><br>PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO RULE 26(f) CONFERENCE (AUTHORITY INCORPORATED) |

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff ME2 PRODUCTIONS, INC., hereby moves for leave to serve third party subpoenas prior to a Rule 26(f) conference (the "Motion").

### Statement per LR 7-5, Showing Good Cause why the Matter Is Submitted to the Court without Notice to all Parties:

Under LR 7-5, "[a]ll ex parte motions, applications or requests shall contain a statement showing good cause why the matter was submitted to the Court without notice to all parties." Here, this motion requests leave to conduct discovery to determine the true identities of the opposing parties. The Plaintiff's only means of seeking relief from the damages complained of in the present case is to utilize the process of discovery to determine the true identities of the defendants. Moreover, the evidence is TIME SENSITIVE, given that the Internet Service Providers only maintain the relevant data for a limited time. As such, good cause

HAMRICK & EVANS LLP

1

exists for submitting this matter to the Court on an emergency basis without notice to all parties.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Plaintiff seeks leave to serve limited, immediate discovery on the Internet Service Provider(s) ("ISPs") of Doe Defendants' so that the Plaintiff may learn Defendants' true identities. The Plaintiff is suing each of the Defendants for using the Internet and the BitTorrent protocol to commit direct and contributory copyright infringement.

Because the Defendants used the Internet to commit their infringement, the Plaintiff only knows the Defendants by their Internet Protocol ("IP") addresses. The Defendants' IP addresses were assigned to the Defendants by their respective Internet Service Providers ("ISPs"). Accordingly, the ISPs can use the IP addresses to identify the Defendants. Indeed, ISPs maintain internal logs that record the date, time and customer identity for each IP address assignment made by that ISP. Significantly, the ISPs may maintain these logs for only a short period of time.

The Plaintiff seeks leave of Court to serve Rule 45 subpoenas on the ISPs and any related intermediary ISPs. Any such subpoena will demand the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP issued an IP address. The Plaintiff will use this information only to prosecute the claims made in its Complaint. Without this information, the Plaintiff cannot serve the Defendants nor pursue this lawsuit to protect its valuable copyright.

### II.
### ARGUMENT

Pursuant to Rule 26(d)(1), except for circumstances not applicable here, absent a court order, a party may not propound discovery in advance of a

Rule 26(f) conference. However, Rule 26(b) provides: "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action," and:

> In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference.[1]

Some other courts, in the context of a defendant's First Amendment right to privacy, also require the plaintiff to: specify the discovery requested (a fourth "good cause factor), demonstrate a central need for the subpoenaed information to advance the asserted claims (a fifth factor), and establish that the party's expectation of privacy does not outweigh the need for the requested discovery (a sixth factor).[2] Because the Plaintiff easily satisfies all of these requirements, this Court should grant this motion for leave.

### A. Circuit Courts Unanimously Permit Discovery to Identify Doe Defendants.

Federal Circuit Courts have unanimously approved the procedure of suing Doe defendants and then using discovery to identify such defendants. For example, the First Circuit held in *Penalbert-Rosa v. Fortuno-Burset*, that "[a] plaintiff who is unaware of the identity of the person who wronged her can …

---

[1] *UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008) (numbers added); *see also Arista Records, LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008), and the cases cited therein, noting the "overwhelming" number of cases where copyright infringement plaintiffs sought to identify "Doe" defendants and courts "routinely applied" the good cause standard to permit discovery. *See Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (Court may order expedited discovery for good cause.).

[2] *See Sony Music Entertainment v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004); see also *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

HAMRICK & EVANS LLP

3

proceed against a 'John Doe' … when discovery is likely to reveal the identity of the correct defendant."[3]

### B. Good Cause Exists to Grant the Motion

Here, all six of the factors establishing "good cause" for expediting discovery are present.

#### 1. The Plaintiff Has Properly Pled Copyright Infringement

The Plaintiff has satisfied the first good cause factor by properly pleading a cause of action for copyright infringement, as follows:

> 47. By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the registered work that are original.
> 48. The Plaintiff did not authorize, permit, or provide consent to the Defendants to copy, reproduce, redistribute, perform, or display its Work.
> 49. As a result of the foregoing, each Defendant violated the Plaintiff's exclusive right to:
> (A) Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501;
> (B) Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;
> (C) Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images; and,
> (D) Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Work non-sequentially and transmitting said display of the Work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display.)
> 50. Each of the Defendants' infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).
> 51. By engaging in the infringement misconduct alleged in this Complaint, the Defendants thereby deprived not only the producer of the Work from income that could have been derived when this film was shown in public theaters, but also all persons involved in the production and marketing of this film, and also numerous owners of local theaters,

---

[3] 631 F.3d 592 (1st Cir. 2011); *See David v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) ("Courts have rejected the dismissal of suits against unnamed defendants . . . until the plaintiff has had some opportunity for discovery to learn the identities."); *see also Nu Image, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 72420 (M. Dist. Fla. 2012); *accord Blakeslee v. Clinton County*, 336 Fed.Appx. 248, 250 (3d Cir. 2009); *Chidi Njoku v. Unknown Special Unit Staff*, 217 F.3d 840 (4th Cir. 2000); *Green v. Doe*, 260 Fed.Appx. 717, 719 (5th Cir. 2007); *Brown v. Owens Corning Inv. Review Committee*, 622 F.3d 564, 572 (6th Cir. 2010); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *Young v. Transportation Deputy Sheriff I*, 340 Fed Appx. 368 (9th Cir. 2009); *Krueger v. Doe*, 162 F.3d 1173, (10th Cir. 1998); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir.).

   their employees, and, ultimately, the local economy. The Defendants' misconduct therefore offends public policy.
52. The Plaintiff has suffered actual damages that were proximately caused by each of the Defendants, including lost sales, price erosion, and a diminution of the value of its copyright.[4]

Further, the Plaintiff's allegations of infringement are attested to by the Plaintiff's investigator, Daniel Arheidt.[5]

  Therefore, the Plaintiff has exceeded its obligation to plead a prima facie case.

### 2. There Is No Other Way To Obtain the Defendants' True Identities.

  There is no other way to obtain the Defendants' true identities other than by getting the information from the Defendants' ISPs because:

> [o]nly the ISP to whom a particular IP address has been assigned for use by its subscribers can correlate that IP address to a particular subscriber. From time to time, a subscriber of internet services may be assigned different IP addresses from their ISP. Thus, to correlate a subscriber with an IP address, the ISP also needs to know when the IP address was being used. However, once provided with the IP address, plus the date and time of the detected and documented infringing activity, ISPs can use their subscriber logs to identify the name, address, email address, phone number and Media Access Control number of the subscriber [i.e., the Defendant(s)].[6]

Because there is no other way for the Plaintiff to obtain the Defendants' identities, except by serving a subpoena on Defendants' ISPs demanding it, the Plaintiff has established the second good cause factor.[7]

### 3. There Is A Risk That An ISP Will Destroy Its Logs Prior To The Rule 26(f) Conference.

---

[4] Complaint at ¶¶ 47-52. *See* 17 U.S.C. §106; *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright.").

[5] *See Declaration of Daniel Arheidt in Support of Plaintiff's Motion for Leave to Take Limited Expedited Discovery Prior to a Rule 26(f) Conference* ("Arheidt Declaration") attached as Exhibit " 1" and incorporated herein by reference.

[6] Arheidt Declaration at ¶ 20.

[7] *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

HAMRICK & EVANS LLP

Logically, it is not possible for Plaintiffs to have a Rule 26(f) conference with the Defendants until the Plaintiff learns the Deefendants' identities.  Further, unless action is taken quickly, the ISPs' records may be deleted or destroyed,[8] and the Plaintiff's right to sue the Defendants for infringement may be forever lost.  Because the identifying records will undoubtedly be destroyed before a Rule 26(f) conference, which cannot occur until Plaintiff obtains Defendants' identities from the ISPs, the Plaintiff has satisfied the third good cause factor.[9]

### 4. Plaintiff Has Clearly Identified The Information Sought Through Discovery.

The Plaintiff seeks to discover from the Defendants' ISPs the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendants.  This is all specific information that is in the possession of the Defendants' ISPs.  Because the requested discovery is limited and specific, the Plaintiff has satisfied the fourth good cause factor.[10]

### 5. The Plaintiff Needs The Subpoenaed Information To Advance The Asserted Claims.

Obviously, without learning the Defendants' true identities, the Plaintiff will not be able to serve the Defendants with process and proceed with this case.  The Plaintiff's important statutorily protected property rights are at issue in this lawsuit and, therefore, the equities should weigh heavily in favor of preserving the Plaintiff's rights.  Because identifying the Defendants by name is necessary for Plaintiff to advance the asserted claims, the Plaintiff has established the fifth good cause factor.[11]

---

[8] *See* Arheidt Declaration at ¶ 21
[9] *See* UMG, 2008 WL 4104214, *5.
[10] *See Sony*, 326 F. Supp., at 566.
[11] *Id.*

HAMRICK & EVANS LLP

**6. The Plaintiffs' Interest in Knowing Defendants' True Identities Outweighs Defendants' Interests in Remaining Anonymous.**

The Plaintiff has a strong legitimate interest in protecting its copyrights. The Defendants are all copyright infringers who have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in distributing the copyrighted works in question without permission.[12]

Because the Defendants do not have a legitimate interest in remaining anonymous and Plaintiff has a strong, statutorily recognized and protected interest in protecting its copyrights, the Plaintiff has established the sixth good cause factor.

## III.

## CONCLUSION

For the foregoing reasons, the Plaintiff requests that this Court grant leave to the Plaintiff to issue Rule 45 subpoenas to the Defendants' ISPs. A proposed order is tendered with this motion, attached hereto as Exhibit "**2**" and incorporated herein by reference.

Respectfully submitted, this Jan. 5, 2017.

/s/ Charles Rainey
CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
*Attorney for Plaintiff*

---

[12] *See Interscope Records v. Does 1-14*, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); and *Sony Music Entertainment, Inc. v. Does 1–40*, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission.").