CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ME2 PRODUCTIONS, INC., | Case No.: 2:16-cv-02384-JCM-NJK et seq. |
| Plaintiff, | **MOTION FOR EXTENSION OF TIME TO RESPOND TO COURT'S PENDING ORDERS TO SHOW CAUSE (FIRST REQUEST)** |
| vs. | |
| LAURIE MANZI, et al. | |
| Defendants | |

Plaintiff ME2 PRODUCTIONS, INC. ("PLAINTIFF"), by and through its counsel of record, Charles C. Rainey, Esq. of HAMRICK & EVANS LLP, hereby moves this Court for an extension of time to respond to the Court's pending order to show cause, as identically filed on April 27, 2017 in this and a series of other cases involving the Plaintiff (referred to herein as the "4/27 Order").[1] <u>This is the first request for an extension of time in relation to the 4/27 Order</u>.

The 4/27 Order directed that the Plaintiff shall, by no later than May 11, 2017, "show cause why the Court should not (1) sever all defendants except the first defendant in each case,

---

[1] Identical orders were filed in cases 2:16-cv-02384-JCM-NJK; 2:16-cv-02513-JCM-NJK; 2:16-cv-02520-JCM-NJK; 2:16-cv-02563-JCM-NJK; 2:16-cv-02657-JCM-NJK; 2:16-cv-02660-JCM-NJK; 2:16-cv-02662-JCM-NJK; 2:16-cv-02783-JCM-NJK; 2:16-cv-02788-JCM-NJK; 2:16-cv-02799-JCM-NJK; 2:16-cv-02875-JCM-NJK; 2:17-cv-00049-JCM-NJK; 2:17-cv-00114-JCM-NJK; 2:17-cv-00121-JCM-NJK; 2:17-cv-00122-JCM-NJK; 2:17-cv-00123-JCM-NJK; 2:17-cv-00124-JCM-NJK; 2:17-cv-00126-JCM-NJK; 2:17-cv-00665-JCM-NJK; 2:17-cv-00666-JCM-NJK; 2:17-cv-00667-JCM-NJK; 2:17-cv-00676-JCM-NJK; 2:17-cv-00722-JCM-NJK; 2:17-cv-00723-JCM-NJK; 2:17-cv-00724-JCM-NJK.

HAMRICK & EVANS LLP

(2) dismiss the remaining defendants without prejudice, and (3) quash any subpoenas for discovery to the extent they pertain to any defendants other than the first named defendant."

While the Plaintiff is in the process of compiling a complete set of responses to the Court's pending order, the Plaintiff respectfully requests two additional weeks to comply, hereby requesting that the date to respond to the 4/27 Order be reset to May 25, 2017.

**1.    PLAINTIFF SEEKS ADDITIONAL TIME TO CONSULT WITH ITS EXPERT.**

The principal reason for requesting this additional time is so that the Plaintiff may consult with its experts to pull additional data on the IP Addresses of each of the Defendants. As noted in the Plaintiff's Complaint, each of the Defendants named in each case was identified as illegally downloading and sharing the Plaintiff's Motion Picture entitled "Mechanic 2: Resurrection."  The Defendants in each case were part of a "swarm" of BitTorrent users—all caught sharing the same movie, as encoded on the same computer file with the same file hash, within the same jurisdiction (Nevada), within the same finite period of time (usually about 2 weeks).  While the Plaintiff believes these facts on their own should be sufficient to establish that the Plaintiff's claims against the Defendants in each case arise out of the same "transaction, occurrence, or series of transactions or occurrences" as required under Rule 20(1)(2), the Plaintiff would nevertheless like the opportunity to consult with its experts.  Plaintiff's experts are in the process of compiling additional data concerning each of the Defendants, but insist that they cannot meet the Court's current deadline of May 11, 2017.

**2.    PLAINTIFF'S COUNSEL HAS RECENTLY LOST A KEY ADMINISTRIVE EMPLOYEE, MAKING IT MORE DIFFICULT TO FILE A TIMELY RESPONSE.**

Moreover, Plaintiff's counsel has recently suffered an administrative setback making it difficult to meet the impending deadline.   Robert Mendoza, the legal secretary who was previously managing the administration of these cases on behalf of Plaintiff's counsel, resigned in mid-April to accept a position at another law firm. While Plaintiff's counsel is interviewing potential replacements, it has yet to find a satisfactory candidate to replace Mr. Mendoza. Consequently, the entire administrative burden of these cases has fallen upon the shoulders of Charles C. Rainey, the sole attorney assigned to these cases.  While Mr. Rainey has rearranged

HAMRICK & EVANS LLP

his schedule in an effort to accommodate the Court's pending Orders, Mr. Rainey is scheduled to attend an annual conference in New York next week, which he cannot cancel. The resignation of Mr. Mendoza, coupled with Mr. Rainey's conference next week, make it very difficult to craft a fully developed response to the Court's Order in each of the 25 cases by the Court's deadline of May 11, 2017.

**3. THE COURT'S PENDING ORDER TO SHOW CAUSE RAISES SERIOUS ISSUES WITH POTENTIALLY FAR-REACHING IMPLICATIONS; AS SUCH, PLAINTIFF SHOULD BE PERMITTED ADDITIONAL TIME TO CRAFT A MORE COMPLETE RESPONSE.**

Meanwhile, the implications of the Court's 4/27 Order are quite serious. Severing each and every one of the Defendants from these cases, and requiring Plaintiff to sue infringers individually, would exponentially increase the administrative burden of these matters and play directly into the hands of the infringers.

The Plaintiff recognizes and understands that these cases are administratively burdensome. However, this burden is not the Plaintiff's fault. The BitTorrent protocol was developed in the wake of Napster's demise and deliberately designed to make the enforcement of copyrights so difficult that infringers would escape prosecution. As already discussed in the Plaintiff's Complaint, BitTorrent relies on a decentralized distribution system, allowing multiple users to participate in a swarm of peer-to-peer file sharing. Since there is no central server hub, policing infringements occurring over the BitTorrent network requires the copyright-holder to pursue the individual participants within the swarm. The process, even with joinder, is exceptionally cumbersome and difficult. Nevertheless, in spite of these difficulties, the Plaintiff must be allowed to pursue its rights.

In the instant set of cases, the Plaintiff's copyrighted motion picture was uploaded and shared over the Internet by hundreds of thousands of users while the film was still in theatrical release. While the parties may disagree as to the extent of the damage caused to the Plaintiff, there should be no doubt that the Plaintiff was damaged. If this Court were to sever all of the

HAMRICK & EVANS LLP

cases, the administrative burden imposed upon the Plaintiff would be so substantial that it may be forced to abandon some, or even all of its pending claims.

Moreover, requiring the Plaintiff to proceed against each Defendant individually fails to provide any meaningful benefit to the individual Defendants. In fact, where parties have proceeded against individual Doe defendants, defendants complain that individual Doe cases are even "more nefarious." *Voltage Pictures, LLC v. Revitch*, 6:14-cv-00301-AA, Dkt. 46 p. 3, (January 23, 2015.) And when defendants answer in a single Doe BitTorrent case, plaintiffs often face the affirmative defense that plaintiffs have failed to join other defendants. *Voltage Pictures, LLC v. Blake*, 3:14-cv-1975-AC, Dkt. 21 (May 27, 2015); *Dallas Buyers Club v. Fernandez*, 3:15-cv-00444-AC, Dkt. 15 (July 9, 2015.)(Same defense counsel).

Severing these cases is of no benefit to anyone and does nothing to further justice, promote judicial efficiency, or otherwise provide any benefit whatsoever to the Court, to the Plaintiff, to the Defendants, or to the public good. All severing parties does is make the judicial framework so unwieldy and impractical that infringers may hope rights-holders will abandon their claims. In short, it would be tantamount to breaking the judicial system and abdicating judicial authority so that we can ignore a very serious, growing threat to our economy, society, and the rule of law in intellectual property.

For this very reason, the Supreme Court and numerous Circuit Courts have said time and again, "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); see also *Hagan v. Rogers*, 570 F.3d 146, 152 (3d Cir. 2009); see also *Mosley v. General Motors Corporation*, 497 F.2d 1330, 1333 (8th Cir., 1974); L*eague to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir., 1977, *cert denied*); *Acevedo v. Allsup's Convenience Stores*, Inc., 600 F.3d 516 (5th. Cir., 2010); *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1462 (Fed. Cir., 1990).

///
///
///
///

**CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests that this Court extend the deadline for the Plaintiff to submit its response to the Court's pending Orders to Show Cause, allowing the Plaintiff until May 25, 2017 to file its corresponding responses, allowing the Plaintiff sufficient time to fully brief the issues presented in the Court's pending Order to Show Cause.

IT IS SO ORDERED
DATED:

                                                                    UNITED STATES MAGISTRATE JUDGE

*Respectfully submitted this May 7, 2017.*

/s/ Charles C. Rainey
CHARLES C. RAINEY, ESQ./MBA/LL.M.
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
*Attorney for Plaintiff*

HAMRICK & EVANS LLP

5