CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
*crainey@hamricklaw.com*
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ME2. PRODUCTIONS, INC., a Nevada Corporation,<br><br>Plaintiff,<br>vs.<br>MARGARET F BACOTE-NEWMAN, et al.<br>Defendants. | Case Nos.:<br>2:16-cv-02384-JCM-NJK;<br>2:16-cv-02513-JCM-NJK;<br>2:16-cv-02520-JCM-NJK;<br>2:16-cv-02563-JCM-NJK;<br>2:16-cv-02660-JCM-NJK;<br>2:16-cv-02662-JCM-NJK;<br>2:16-cv-02783-JCM-NJK;<br>2:16-cv-02788-JCM-NJK;<br>2:16-cv-02799-JCM-NJK;<br>2:16-cv-02875-JCM-NJK;<br>2:17-cv-00049-JCM-NJK;<br>2:17-cv-00114-JCM-NJK;<br>2:17-cv-00121-JCM-NJK;<br>2:17-cv-00122-JCM-NJK;<br>2:17-cv-00123-JCM-NJK;<br>2:17-cv-00124-JCM-NJK;<br>2:17-cv-00126-JCM-NJK;<br>2:17-cv-00665-JCM-NJK;<br>2:17-cv-00666-JCM-NJK;<br>2:17-cv-00667-JCM-NJK<br>2:17-cv-00676-JCM-NJK;<br>2:17-cv-00722-JCM-NJK;<br>2:17-cv-00723-JCM-NJK; |

**OBJECTION TO PENDING REPORT AND RECOMMENDATIONS**

**(ORAL ARGUMENT REQUESTED)**

Plaintiff ME2 PRODUCTIONS, INC. ("Plaintiff") hereby objects to the Report and Recommendations entered in this matter on or about June 14, 2017, by Magistrate Judge Nancy Koppe. In support of this Objection, Plaintiff has attached the Memorandum of Points Authorities filed in Case 2:17-cv-00724-JCM-NJK, a full and complete copy of which, with exhibits can be found on file therein.

1

In the following points and authorities, Plaintiff argues:

1. The Magistrate incorrectly argues that the majority of courts within the Ninth Circuit have held that joinder of BitTorrent Defendants is improper, when, in fact, the current prevailing practice of a majority of Courts within the Ninth Circuit (and throughout the United States) is to allow joinder in BitTorrent cases;

2. The Magistrate relies principally upon the "persuasive authority" of a 2012 case from Arizona – a case that is not only easily distinguishable from the present case, but is, in fact, no longer followed in Arizona; indeed, Arizona openly allows joinder in BitTorrent cases, such as the one at hand;

3. The Magistrate's assertion that claims against participants in a BitTorrent "swarm" fail to meet the standard of arising out of the same series of transactions or occurrences is circular and logically flawed; and

4. The Magistrate fails to offer any meaningful policy rationale for her decision, which is troubling, given the overwhelming policy favoring joinder.

Make no mistake: severing the Defendants in the manner argued for in the pending R&R would be contrary to the interests of not only the Plaintiff, but also the Court and the Defendants. No one wins. There is no sound policy behind this blanket ban on joinder in BitTorrent cases. This objection is based upon the memorandum of points and authorities attached hereto, any attachments thereto, the pleadings and papers on file, and any arguments to be had at any hearing of this matter.

Respectfully submitted, this 27th day of June, 2017.

/s/ Charles Rainey
CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*